**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HARVEY DESQUARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:22-cv-1509** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., and** | ) | |
| **DFS SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, HARVEY DESQUARE, by and through his attorneys, LAW OFFICE OF MAI MULLEN MILTON, PLLC, and for his complaint against EXPERIAN INFORMATION SOLUTIONS, INC., and DFS SERVICES LLC, Plaintiff states as follows:

### I.      Preliminary Statement

1.      This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.      Jurisdiction & Venue

2.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.      Parties

4.      HARVEY DESQUARE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Dallas, County of Dallas, State of Texas.

5.      At all relevant times, Plaintiff was a "consumers" as that term is defined by 15 U.S.C. §1681a(c).

6.      EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter, "Experian") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the State of Texas.

7.      At all relevant times Experian was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8.      At all relevant times Experian was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9.      DFS SERVICES, LLC, (hereinafter, "Discover") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Texas, is a citizen of the State of Texas.

10.     At all relevant times, Discover was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV.     Allegations

### COUNT I: HARVEY DESQUARE v. EXPERIAN INFORMATION SOLUTIONS, INC. FOR VIOLATIONS OF THE FCRA

12.     Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

13.     The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Discover Financial Services.

14.     Specifically, Plaintiff asserts that he did not incur this debt and that it was the result of an identity theft.

15.     Despite the foregoing, Experian has disseminated credit reports and/or information that the accounts are his debts and have had multiple missed payments and is considered a charged off account. (hereinafter "the inaccurate information")

16.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

17.     Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

18.     In August of 2020 and Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

19.     Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within her credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

20.     Plaintiff received a confirmation number from Experian relative to his dispute.

21.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Discover of Plaintiff's dispute and the nature of the dispute.

22.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Discover received notification from Experian of Plaintiff's dispute and the nature of the dispute.

23.     Upon information and belief, Experian received the results of Discover's investigation as to Plaintiff's dispute.

24.     Upon information and belief, Experian updated the reporting of the account(s) at issued solely based upon the information it received from Discover in response to Plaintiff's dispute.

25.     On or about September 7, 2020, Experian notified Plaintiff that it would be deleting the account reported by Discover Financial Services.

26.     Thereafter, Experian allowed Discover to re-report the account to Experian, and Experian re-inserted the inaccurate information onto Plaintiff's credit file.

27.     On March 28, 2022, Plaintiff again disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

28.     Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within her credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

29.     Plaintiff received a confirmation number from Experian relative to his dispute.

30.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified Discover of Plaintiff's dispute and the nature of the dispute.

31.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Discover received notification from Experian of Plaintiff's dispute and the nature of the dispute.

32.     Upon information and belief, Experian received the results of Discover's investigation as to Plaintiff's dispute.

33.     Upon information and belief, Experian updated the reporting of the account(s) at issued solely based upon the information it received from Discover in response to Plaintiff's dispute.

34.     On or about April 27, 2022, Experian notified Plaintiff that it verified that the account was accurately reported and that it would continue to report this inaccurate information to third parties including potential creditors and credit grantors.

35.     Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

36.     Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

37.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

38.     At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

39.     At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

40.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

    a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b.  Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c.  Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

    e.  Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

    f.  Willfully or negligently reinserting deleted information to Plaintiff's credit file without receiving a certification from the furnisher as to the accuracy and completeness of the reinserted information, in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

g.  Willfully or negligently reinserting deleted information to Plaintiff's credit file without notifying Plaintiff of the reinsertion, in violation of 15 U.S.C. §1681i(a)(5)(B)(ii);

h.  Willfully or negligently failing to maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is previously deleted;  in violation of 15 U.S.C. §1681i(a)(5)(C);

41.   The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II: HARVEY DESQUARE v. DFS SERVICES, LLC, FOR VIOLATIONS OF THE FCRA

42.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

43.   Discover violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

a.  willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Experian;

b.  willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Experian;

c.  willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d.  willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

f.  willfully and negligently failing to comply with the requirements imposed on Discovers of information pursuant to 15 U.S.C. §1681s-2.

44.   Discover's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Discover is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.      Jury Demand

45.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.      Prayer for Relief

WHEREFORE, Plaintiff, HARVEY DESQUARE, by and through his attorneys, respectfully pray for judgment in his favor and against EXPERIAN INFORMATION SOLUTIONS, INC. and DFS SERVICES, LLC as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages;

c.   Plaintiff's attorneys' fees and costs;

d.   Punitive damages; and,

e.   Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**HARVEY DESQUARE**

By:     s/ Mai Mullen Milton
        Attorney for Plaintiff

Dated: July 13, 2022


Mai Mullen Milton (Bar # 24079011)
Law Office of Mai Mullen Milton, PLLC
2111 S. Collins Street, Suite 201
Arlington, TX 76010
Telephone:   (682) 235-0242
Facsimile:   (682) 235-0265
E-Mail:       AttorneyMMilton@MMiltonlaw.com